UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-145 (DWF/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID ALLEN NEADEAU,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and David Allen Neadeau (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges him with felon in possession of a firearm (armed career criminal) in violation of 18 U. S. C. Sections 922(g)(1) and 924(e)(1).

2. **Conditional Plea and Waiver of Other Pretrial Motions:** Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the parties agree that the defendant is entering this guilty plea conditionally, and that the defendant reserves the right to appeal the District Court's denial of his Motion to Suppress (Dkt. 23), including all of the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation (Dkt. 31) and the Court's order adopting the same (Dkt. 34). If the defendant prevails on his appeal

SCANNED
DEC 17 2019
U.S. DISTRICT COURT ST. PAUL

of the Court's ruling on his motion to suppress, he may withdraw his plea of guilty. As to all other pretrial motions filed by the defendant, he knowingly, willingly and voluntarily waives his right to appeal the District Court's rulings on such motions and gives up the right to file any additional pretrial motions.

3. **Factual Basis.** The defendant agrees to the following facts and further agrees that, were this matter to proceed to trial, the United States would prove the following facts beyond a reasonable doubt:

On March 13, 2019, shortly before 3:00 a.m., a deputy from the Polk County Sheriff's Office encountered the defendant's vehicle—with its hazard lights on—on the side of Highway 2. The defendant was passed out behind the wheel from being under the influence of methamphetamine and MDMA (ecstasy). After standardized field sobriety testing, the defendant was placed under arrest for DWI. Later that day, deputies obtained a search warrant for the vehicle. During the subsequent search, officers found a Hi-Point, model C9, 9mm pistol bearing serial number P10035353 on the passenger seat underneath a brown glove. This pistol belonged to and was in the possession of the defendant. The pistol was manufactured outside of the State of Minnesota. The defendant agrees that the pistol traveled in interstate commerce prior to his possession of it on March 13, 2019.

Before the defendant committed the offense charged in this case, he had been convicted of felon in possession of a firearm on October 23, 2006, in the District of Minnesota, in violation of 18 U.S.C. Sections 922(g)(1) and 924(e)(1) (*U.S. v. Neadeau*, 05-CR-13 (DWF/JSM)). At sentencing, the Court determined that defendant was subject to an enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 USC

§ 924(e). The defendant was released from incarceration for this sentence on February 8, 2018, and was still on federal supervised release at the time he committed the current offense.

Prior to the commission of the current offense, the defendant had been convicted of at least three crimes that qualify as violent felonies or serious drugs offenses committed on occasions different from one another pursuant to the ACCA, and he will therefore be sentenced (again) pursuant to the ACCA. Those convictions include the following:

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Aggravated Robbery 2nd Degree | Hennepin County, MN | 6/27/1996 |
| Simple Robbery | Hennepin County, MN | 6/27/1996 |
| Drugs 2nd Degree – Sale | Hennepin County, MN | 1/26/2000 |

At the time he committed the instant offense, the defendant knew that he had been convicted of several crimes, including the above-mentioned offenses, that were punishable by more than one year in prison. The defendant stipulates that he knew his criminal history made it illegal for him to possess a firearm, that he acted voluntarily and he knew his actions violated the law.

4. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a mandatory minimum term of 15 years imprisonment;
    b. a maximum term of life imprisonment;
    c. a supervised release term of up to five years;
    d. a fine of up to $300,000;
    e. a mandatory special assessment of $100; and
    f. assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920).

5.  **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6.  **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

   a.  Base Offense Level. The parties agree that the base offense level for felon in possession of a firearm – armed career criminal is 33. U.S.S.G. § 4B1.4(B)(3)(B).

   The parties agree that no other specific offense characteristics apply.

   b.  Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an additional 1-level reduction at sentencing pursuant to § 3E1.1(b). However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, including accurate and truthful financial information, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. §3E1.1. Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion.

   The parties agree that other than as provided for herein, no other Chapter 3 adjustments apply.

4

c.  Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is IV. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status (which might impact the defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the Court ultimately determines that his criminal history category is other than IV, such a determination will not provide a basis for either party to withdraw from this Plea Agreement, and the defendant will be sentenced according to the Court's determinations. U.S.S.G. § 4A1.1.

d.  Guideline Range. If the offense level is 30 (33-3 for acceptance of responsibility), and the criminal history category is IV, the Sentencing Guidelines range is 135-168 months of imprisonment. However, notwithstanding his advisory Guidelines range, the defendant is subject to a mandatory minimum sentence of 15 years' imprisonment.

e.  Fine Range. If the adjusted offense level is 30, the fine range is $30,000 to $300,000. U.S.S.G. § 5E1.2(c)(3).

f.  Supervised Release. The Sentencing Guidelines require a term of supervised release of 2-5 years. U.S.S.G. § 5D1.2; 18 U.S.C. §§ 3583(b)(1) and 3559(a)(1).

g.  Sentencing Recommendation and Departures. The Government agrees to recommend the 15-year mandatory minimum required by law, and to refrain from arguing for any particular outcome on the defendant's pending supervised release violation, which is based on the instant offense. The defendant understands that the Court may not impose a term of imprisonment of less than 15 years. The defendant intends to ask the Court to run any sentence he receives for his supervised release violation concurrent with his sentence on the instant offense.

7.  **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion.

The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

9. **Waivers of Appeal and Collateral Attack.** The defendant understands that 18 U.S.C. Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. Section 3742 to appeal defendant's sentence, unless the sentence exceeds 15 years' imprisonment. In addition, the defendant expressly waives the right to petition under 28 U.S.C. § 2255, but reserves the right to raise the issue of ineffective assistance of counsel in such a proceeding. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily.

10. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section

2461(c), any firearms, ammunition, and accessories involved in, connected with, or used in the commission of the offense, including but not limited to: a Highpoint 9mm handgun with serial number P10035353 and any ammunition and accessories seized therewith.

The Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The Defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearm and ammunition.

11. **Collection of Financial Obligations.** In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, defendant agrees to fully disclose assets in which defendant has an interest, directly or indirectly, whether held in defendant's own name or in the name of another including those held by spouse, nominee or other third party, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since May 13, 2019, including the location of the assets and the identity of the third party(ies). The defendant agrees to assist the United States in returning and transferring assets for use in payment of restitution and fines ordered by the court.

    a.    30 days after the change of plea, the Defendant agrees to provide to the United States, under penalty of perjury, a financial disclosure form listing all defendant's assets and financial interests valued at more than $1,000. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

b.  The Defendant expressly authorizes the U.S. Attorney's Office for the District of Minnesota to obtain a credit report on him to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

c.  The Defendant agrees that, at the discretion of the U.S. Attorney's Office for the District of Minnesota, the Defendant will be deposed regarding financial issues prior to sentencing.

12. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act, 5 U.S.C. § 552, or any other similar law or process.

13. **Complete Agreement**. This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: December 16, 2019

ERICA H. MacDONALD
United States Attorney

BY: JUSTIN A. WESLEY,
Assistant U.S. Attorney

Date: 12/16/19

DAVID ALLEN NEADEAU
Defendant

Date: 12/16/19

KEVIN CORNWELL, ESQ.
Counsel for Defendant