# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 19-00145 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| David Allen Neadeau, | |
| Defendant. | |

Amber M. Brennan, Craig R. Baune, and Justin A. Wesley, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Kevin C. Cornwell, Esq., counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Defendant David Allen Neadeau's ("Neadeau") Motion for Release from Custody pending sentencing (Doc. No. 54) and Motion for Reconsideration of detention (Doc. No. 55) (collectively, ("Motions")).[1] The United States of America (the "Government") opposes the Motions. (Doc. No. 58 ("Govt. Opp.").) For the reasons set forth below, the Court respectfully denies Neadeau's Motions.

---

[1] The Court refers to Doc. Nos. 54 and 55 collectively because they are identical. (*See* Doc. Nos. 54 and 55.)

## BACKGROUND

Neadeau was convicted of felon in possession of a firearm in 2006. (*See U.S. v. Neadeau*, 05-CR-13 (DWF/JSM), Doc. No. 30.) Because of his criminal history, Neadeau was subject to enhanced sentencing under the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. 924(e). Neadeau was released from prison and placed on supervised release on February 8, 2018.

On March 13, 2019, while on supervised release, Neadeau was found to be under the influence of methamphetamine and ecstasy and in possession of a loaded firearm. (*U.S. v. Neadeau*, 19-CR-145 (DWF/LIB), Doc. No. 41 ¶ 3). After a detention hearing on May 23, 2019, the Court found that there was a rebuttable presumption in favor of detention because: (1) Neadeau's prior conviction for felon in possession of a firearm– armed career criminal was for a Federal offense listed in subsection (f)(1) of that section; (2) such offense was committed while Neadeau was on release pending trial for a State offense (felon in possession of a firearm, Ramsey County File No. 62-K1-04-003708), and (3) not more than five years has elapsed since Neadeau's release from imprisonment for his previous armed career criminal conviction.[2] (*Id.* at Doc. No. 19 ¶ 1.)

On December 16, 2019, Neadeau pleaded guilty to felon in possession of a firearm and remains subject to an enhanced sentence pursuant to ACCA. (*Id.* at Doc. No. 41 ¶ 3.)

---

[2] Neadeau waived his right to challenge detention. (Doc. No. 19 ¶ 4.)

Neadeau is currently awaiting sentencing. In light of the COVID-19 pandemic, he now moves for temporary release or reconsideration of his detention. (*See generally* Motions.)

## DISCUSSION

Release of a defendant pending sentencing is governed by 18 U.S.C. § 3143. Pursuant to 18 U.S.C. § 3143(2), where a defendant has been found guilty of an offense described in § 3142(f)(1)(A), (B), or (C), the judicial officer "shall order" that person detained, unless the judicial officer finds: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment may be imposed on the person; and (2) by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or to the community. 18 U.S.C. § 3143(2)(A)(B).

Notwithstanding the mandatory detention provisions of 18 U.S.C. § 3143, the court may still release a defendant pending sentencing pursuant to 18 U.S.C. § 3145(c). "A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." U.S.C. § 3145(c). In such a circumstance, "[t]he defendant must show by clear and convincing evidence he is not likely to flee or pose a danger to the community and it also must be shown there are exceptional reasons why detention is not appropriate." *United States v. Tobacco*, 150 F. Supp. 3d 1051, 1053 (D.S.D. 2015).

Under this standard, courts typically deny such claims unless they are "clearly out of the ordinary, uncommon, or rare." *See United States v. Schmitt*, 515 F. App'x 646, 647 (8th Cir. 2013) (citations omitted); *see also United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (finding that defendant's treatment for depression and risk of suffering violence were not exceptional reasons to permit defendant to self-surrender after sentencing); *United States v. Rausch*, 746 F. Supp. 2d 1192, 1201–02 (D. Colo. 2010) (exceptional reasons did not exist to warrant release of a defendant with severe medical disabilities who needed a kidney transplant).

Neadeau has been convicted of an offense described in § 3142(f)(A), (B), or (C) and is therefore subject to the provisions set forth in 18 U.S.C. § 3143(2)(A)(B).[3] Accordingly, in order to be released, he must show that: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment may be imposed; and (2) by clear and convincing evidence, he is not likely to flee or pose a danger to any other person in the community. 18 U.S.C. § 3143(2)(A)(B).

Neadeau does not address the likelihood that a motion for acquittal or new trial will be granted, or whether he is likely to flee or pose a risk to the community. (*See generally* Motions.) Instead, Neadeau argues that he is entitled to temporary release under § 3142(i) or to reopen the bail hearing under § 3142(f)(2)(B) due to the COVID-19

---

[3] On December 16, 2019, Neadeau pleaded guilty to felon in possession of a firearm and is subject to an enhanced sentenced pursuant to the ACCA.

4

Pandemic.[4] (Motions at 1). Because it is clear that Neadeau fails both prongs under, § 1343, the Court construes his Motions in the context of § 3145(c).

To justify release, Neadeau must therefore establish both (1) the existence of exceptional reasons to revisit the detention issue and (2) that he is unlikely to flee and does not pose a risk of danger. 18 U.SC. § 3145(c). Neadeau bears the burden of establishing both prongs of the § 3145(c) test. *See, e.g.*, *United States v. DiSomma*, 951 F.2d 494, 495 (2d Cir. 1991) ("As a defendant convicted of a violent crime, [the defendant] had to meet several threshold criteria and also show 'exceptional reasons' making release appropriate, in order to meet his burden under the Bail Reform Act.").

In light of the COVID-19 pandemic and citing a pre-existing medical condition and increased risk of infection in a prison setting, Neadeau asks the Court for temporary release or to reconsider his detention.[5] (Motions at 1-6.) Neadeau concedes that he waived his right to contest the Government's motion for detention at his detention hearing and that he has a lengthy criminal history. (*Id.* at 5.) Notwithstanding, Neadeau asserts that there are conditions of release available that will allow him to live humanely

---

[4] Pursuant to § 3142(i), a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Under § 3142(f)(2)(B) , "the Court may reopen the bail hearing and reconsider the original decision before trial, if information exists that was not known to the movant at the time of the hearing and such information has a material bearing on the detention issue." 18 U.S.C. Section 3142 (f)(2)(B). Neadeau contends that the COVID-19 pandemic and his diagnosis of Hepatitis C satisfy these requirements.

[5] Neadeau contends that he is particularly vulnerable because he was diagnosed with Hepatitis C. (Motions at 4 (citing Doc. No. 49).)

5

while ameliorating any danger to the community.  (*Id.* at 5.)  Specifically, he proposes home detention and electronic monitoring at his expense.  (*Id.*)  Alternatively, he proposes being released to a halfway house.  (*Id.* at 6.)

The Government argues Neadeau's motion fails under § 3145(c) because he has presented no evidence to rebut the presumption for detention and the Court's finding that detention is appropriate.  (Govt. Opp. at 5.)  Moreover, the Government contends that Neadeau cannot show that the COVID-19 pandemic constitutes an exceptional reason justifying his release.  (*Id.* at 5-12.)

First, the Government argues that while Neadeau speaks in generalities about the risk of infection in a prison setting, he cannot point to a single case of COVID-19 in the Sherburne County Jail.  (*Id.* at 5-6.)  The Government argues further that, "it is a rare case in which health conditions present an 'exceptional reason'" justifying release where detention would otherwise be warranted, and that Neadeau has failed to show that his case is exceptional.  (*Id.* at 6-9 (quoting *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008)).)  The Government contends that if Neadeau's situation was exceptional, his arguments would be "equally true for almost any defendant in custody."  (*Id.* at 8.)

Moreover, the Government contends that the extensive measures the Sherburne County Jail has taken to prevent an outbreak mitigate any potential risks and that Neadeau offers no evidence that it will be unable to accommodate his pre-existing health condition.  (*Id.* at 8-11 (citing Doc. No. 58-1 ("Frank Aff.").)

The Government urges this Court to follow recent holdings in the District of Minnesota, rejecting similar requests for release based on the COVID-19 outbreak. (*Id.* at 8 (citing *See United States v. Morris*, Cr. No. 17-107 (DWF/TNL), 2020 WL 1471683, at *4 (D. Minn. Mar. 26, 2020) (rejecting premise that COVID-19 is an exceptional reason under § 3145 in light of the "appropriate measures" taken by the jail to prevent an outbreak); *United States v. Victor Manuel Quijada*, Cr. No. 19-276 (DSD/TNL), 2020 WL 205346 (D. Minn. Mar. 20, 2020) (same)).)

The Court understands the gravity of the COVID-19 pandemic and is mindful of the unprecedented circumstances it presents both for society at large and for the prison system. The Court fully understands, appreciates, and has considered Neadeau's concerns, particularly given his health condition. Notwithstanding, the Court does not find that the circumstances warrant a release from custody under either § 1343 or § 3145(c).

Specifically, the Court finds that Neadeau fails both prongs under § 1343 because he fails to address the likelihood that a motion for acquittal or new trial will be granted, or whether is likely to flee or pose a risk to the community. Moreover, the Court finds that Neadeau's Motion fails under § 3145(c) because the circumstances presented do not present an exceptional reason to permit release. 18 U.S.C. § 3145(c). Again, the Court recognizes Neadeau's concerns; however, the Court cannot conclude that release is appropriate when the Sherburne County Jail has taken appropriate measures to prevent an

outbreak.[6] (*See generally* Frank Aff.)  Currently, there are zero reported cases of COVID-19 in the jail.  Furthermore, even if the Court found that the COVID-19 pandemic was an exceptional circumstance to justify release, the Court finds no reason to depart from its original determination that detention is appropriate.  Indeed, there is no evidence to suggest that any condition or combination of conditions will ensure that Neadeau is unlikely to flee or that he no longer poses a threat to the community.  Therefore, the Court must deny his Motions.

## CONCLUSION

While the Court recognizes the gravity of COVID-19 pandemic and the special threat it poses to those in communal settings, the Court finds that the circumstances presented here do not warrant release.

---

[6]  In his Declaration, Brian Frank, the administrator of the Sherburne County Jail ("Jail"), addressed the safety measures being taken at the Sherburne County Jail including placing any new inmate into a 14-day quarantine that is isolated from the general population and is monitored by licensed medical professionals.  (Frank Decl. ¶¶ 3, 7.)  He also explained that the Jail is designed to isolate and contain airborne threats such as COVID-19, and that in the event of an active outbreak, it has negative pressure units to isolate and treat symptomatic inmates.  (*Id.* ¶¶ 6, 8-9.)  Further, only essential employees are permitted to come and go from the Jail, and each must complete a "Coronavirus Screening Checklist" and body temperature check.  (*Id.* ¶¶ 3, 16.)  Finally, he asserted that the Jail is being cleaned four times daily with a formula specifically designed to kill viruses.  (*Id.* ¶ 11.)

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant David Allen Neadeau's ("Neadeau") Motion for Release from Custody pending sentencing (Doc. No. 54) and Motion for Reconsideration of detention (Doc. No. 55) are **DENIED**.

Dated: April 7, 2020            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge