UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 19-145(1) (DWF/LIB) |
| Respondent-Plaintiff, | Civil No. 22-1375 (DWF) |
| v. | MEMORANDUM OPINION AND ORDER |
| David Allen Neadeau, | |
| Petitioner-Defendant. | |

David Allen Neadeau, *Pro se*.

Justin A. Wesley, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant David Allen Neadeau's *pro se* motion to vacate the judgment. (Doc. No. 89.) The United States of America (the "Government") opposes Neadeau's motion. (Doc. No. 100.) For the reasons discussed below, the Court respectfully denies Neadeau's motion.

## BACKGROUND

A grand jury indicted Neadeau for possession of a firearm as an armed career criminal, after officers found Neadeau unconscious in his vehicle on the side of the road with a pistol on the passenger seat underneath a glove. (Doc. No. 1; Doc. No. 41.) Neadeau moved to suppress evidence of the firearm, arguing that the search warrant that

led to the firearm's discovery lacked probable cause. (Doc. No. 23.) This Court denied the motion. (Doc. No. 34.)

On December 16, 2019, Neadeau pled guilty to the indictment. (Doc. No. 41.) As part of the plea agreement, Neadeau reserved his right to appeal the motion to suppress. (*Id.*) Neadeau appealed this Court's denial of his motion to suppress, and the Eighth Circuit affirmed. (Doc. No. 86.) Neadeau now brings this motion to vacate the judgment.

## DISCUSSION

A Court may "vacate, set aside or correct" a sentence that is "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The burden is on the movant to demonstrate that he is entitled to relief. *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018) (citation omitted).

Neadeau makes three arguments in support of his motion to vacate the judgment. First, Neadeau argues that in light of a recent Supreme Court decision—*United States v. Wooden*, 142 S. Ct. 1063 (2022)—the Court should not have applied the armed-career-criminal enhancement and thus Neadeau's "sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Second, Neadeau argues that his trial counsel was ineffective because counsel failed to conduct an adequate pretrial investigation, failed to negotiate a favorable plea agreement, and failed to sufficiently represent Neadeau during his sentencing hearing. Third, and finally, Neadeau argues that his appellate counsel was ineffective because counsel failed to challenge the armed-career-criminal enhancement. The Court addresses each argument in turn.

I.   **Armed-Career-Criminal Enhancement**

The Armed Career Criminal Act (ACCA) "mandates a 15-year minimum sentence for unlawful gun possession when the offender has three or more prior convictions for violent felonies . . . 'committed on occasions different from one another.'" *Wooden*, 142 S. Ct. at 1067 (quoting 18 U.S.C. § 924(e)(1)).

An "'occasion' means an event or episode." *Id.* at 1070. The Court considers a number of factors when determining whether multiple felonies were committed on the same occasion, including (1) the time of day that the offenses occurred; (2) the proximity of location; and (3) the character and relationship of the offenses. *Id.* at 1071. In many cases, "a single factor—especially of time or place—can decisively differentiate occasions." *Id.*

Neadeau argues that his case is similar to *Wooden*. In *Wooden*, the defendant burglarized ten storage units. *Id.* The Supreme Court held that the ten burglary offenses occurred on a single occasion—and thus the armed career criminal enhancement did not apply—because the defendant "committed his burglaries on a single night, in a single uninterrupted course of conduct." *Id.* Additionally, "[t]he crimes all took place at one location." *Id.*

Neadeau, like the defendant in *Wooden*, committed multiple felonies in the same day. On March 7, 1996, Neadeau and an accomplice approached a man to ask for directions. When the man put his child into a car seat, Neadeau's accomplice grabbed the man and pinned his arms to his sides. Neadeau then demanded that the man give them anything of value. The man gave Neadeau his checkbook, credit cards, and wallet.

3

Later that day, Neadeau and his accomplice went to the home of a person that the accomplice knew. The accomplice asked the owner of the house if he could use his phone. An hour later, the accomplice and Neadeau returned to the house and pushed their way into the residence. They then tied up the owner of the home, put a blanket on his face, and told him to be quiet or else they would shoot him. Neadeau and his accomplice were later arrested carrying stereo equipment from the victim's home.

Neadeau argues that his offenses on March 7, 1996, occurred on the same occasion because he committed the crimes just hours apart from one another and both offenses involved the use or threatened use of physical force. The Court, however, disagrees. Unlike the crimes in *Wooden*, Neadeau's offenses involved separate times and locations. One robbery occurred outside by someone's car, while the second robbery occurred in a separate location, in a different person's home. The crimes occurred hours apart and involved different victims with no apparent relationship to one another. Finally, the character and relationship of the two offenses differ. While, as Neadeau asserts, both crimes involved the use of force, the relationship between the crimes is attenuated. This was not, for example, a barroom brawl, "where the offender has engaged in a continuous stream of closely related criminal acts at one location." *Wooden*, 142 S. Ct. at 1071. Nor is it the case that Neadeau robbed multiple houses, one after the other, on the same street, on the same night. Rather, each of the robberies involved a separate plan, and Neadeau carried out each robbery in a different manner, at separate location, hours apart.

The Court therefore concludes that the two robberies Neadeau committed on March 7, 1996, were separate occasions. Thus, the armed-career-criminal enhancement was appropriate. The Court denies Neadeau's motion to vacate on this ground.

II.     **Ineffective Assistance of Counsel**

Neadeau further argues that both his trial counsel and appellate counsel were ineffective. "A claim of ineffective assistance of counsel [under § 2255] must be scrutinized under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984)." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). The defendant must prove that "his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Id.*

Because the Court was correct in applying the armed-career-criminal enhancement, the trial and appellate counsel were not ineffective for failing to challenge the enhancement. Raising such an argument would not have changed Neadeau's sentence. Additionally, the Court reviewed Neadeau's objections to his trial counsel's pretrial investigation. (*See* Doc. No. 91.) The majority of Neadeau's objections involve the ACCA, and the remaining issues—for example, the fact that the search warrant contained the wrong birth date—lack merit. Raising these issues would not have changed Neadeau's sentence.

Finally, Neadeau argues that his trial counsel did not negotiate a favorable plea. To satisfy the prejudice requirement when challenging a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*,

5

474 U.S. 52, 59 (1985).  Neadeau does not argue that he would have gone to trial but for his trial attorney's actions.  Rather, Neadeau argues that counsel "should have argued against the prior convictions used to deem him an ACCA offender."  (Doc. No. 103 at 6.)  Again, because the Court properly applied the armed-career-criminal enhancement, it was not unreasonable for trial counsel to negotiate a plea without raising this meritless issue.

Overall, the Court finds that Neadeau has failed to prove that the trial and appellate counsel were ineffective.  For that reason, the Court denies Neadeau's motion to vacate on that ground.

### III.  Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Neadeau's claims.  A § 2255 motion can be dismissed without a hearing if:  (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Applying that standard to Neadeau's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.  Neadeau's claims are facially inadequate.

### CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether issuance of a COA is appropriate and concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted). Neadeau has not made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons set forth above, the Court denies Neadeau's motion to vacate the judgment.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant David Allen Neadeau's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [89]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant David Allen Neadeau.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 16, 2022        s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge