UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 19-145(1) (DWF/LIB) |
| | Civil No. 22-1375 (DWF) |
| Respondent-Plaintiff, | |
| v. | MEMORANDUM |
| | OPINION AND ORDER |
| David Allen Neadeau, | |
| Petitioner-Defendant. | |

### INTRODUCTION

This matter is before the Court on Petitioner-Defendant David Allen Neadeau's *pro se* motion for reconsideration. (Doc. No. 106.) The United States of America (the "Government") opposes Neadeau's motion. (Doc. No. 108.) For the reasons discussed below, the Court respectfully denies Neadeau's motion.

### BACKGROUND

A grand jury indicted Neadeau for possession of a firearm as an armed career criminal, after officers found Neadeau unconscious in his vehicle on the side of the road with a pistol on the passenger seat underneath a glove. (Doc. No. 1; Doc. No. 41.) Neadeau moved to suppress evidence of the firearm, arguing that the search warrant that led to the firearm's discovery lacked probable cause. (Doc. No. 23.) This Court denied the motion. (Doc. No. 34.)

On December 16, 2019, Neadeau pled guilty to the indictment. (Doc. No. 41.) As part of the plea agreement, Neadeau reserved his right to appeal the motion to suppress.

(*Id.*)  Neadeau appealed this Court's denial of his motion to suppress, and the Eighth Circuit affirmed.  (Doc. No. 86.)

Neadeau then brought a § 2255 motion to vacate the judgment.  (Doc. No. 89.)  Neadeau argued that the Court should not have applied the armed-career-criminal enhancement and thus his "sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).  He further argued that his trial counsel was ineffective for, among other reasons, failing to raise the enhancement issue.  The Court denied Neadeau's motion.  (Doc. No. 104.)  Neadeau now asks the Court to reconsider pursuant to Federal Rule of Civil Procedure 60(b).  (Doc. No. 106.)  The Government opposes this motion. (Doc. No. 108.)

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a federal prisoner must receive certification from the court of appeals to file a 'second or successive' § 2255 motion."  *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (quoting 28 U.S.C. § 2255(h)).  This requirement applies to motions for relief from judgment under Federal Rule of Civil Procedure 60(b).  *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)).

"A Rule 60(b) motion is not treated as second or successive under AEDPA, however, if it does not raise a merits challenge to the resolution of a claim in a prior habeas proceeding, but instead attacks 'some defect in the integrity of the federal habeas proceedings.'"  *Id.* (quoting *Gonzalez*, 545 U.S. at 532-33).  Here, Neadeau is clearly challenging the merits of the Court's decision to deny his § 2255 petition.  Neadeau

reiterates his argument that the armed-career-criminal enhancement should not have been applied in his case and again asserts that his counsel was ineffective.  (*See* Doc. No. 106 at 2-4.)  Thus, the Court must treat this motion as a second § 2255 petition.  Because Neadeau has not received an order authorizing this successive petition from the Court of Appeals, the Court lacks jurisdiction to consider his arguments.  The Court therefore denies Neadeau's motion.

## CONCLUSION

For the reasons set forth above, the Court denies Neadeau's motion to reconsider.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant David Allen Neadeau's *pro se* motion for reconsideration (Doc. No. [106]) is respectfully **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 21, 2023               s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge